IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Case No. 17 CR 518 |
| v. ) | |
| ) | Judge Kennelly |
| ) | |
| HEATHER MACK ) | |
| ) | |
| ) | |
| ) | |

**DEFENDANT HEATHER MACK'S MOTION FOR LEAVE TO FILE,
*INSTANTER*, MOTION TO DISMISS COUNT II**

Defendant, Heather Mack, by and through his undersigned counsel, respectfully moves this Court for the entry of an Order granting her leave to file, *instanter*, the following Motion to Dismiss Count II of the Indictment, and states as follows:

### BACKGROUND

1. Pursuant to this Court's prior Order (*see* Dkt. No. 66), Defendant was required to file her pre-trial motions on or before November 18, 2022.

2. Accordingly, Defendant seeks leave to file the present Motion, *instanter*, and therefore presents Defendant's arguments in support of the Motion to Dismiss Count II below.

3. Allowing Defendant to file the present Motion will not prejudice any party, nor delay the trial of this action. Indeed, if this Motion is granted, it would streamline the trial. Moreover, Defendant should be allowed to preserve the issues raised in support of this Motion.

### COUNT II

4. In Count II, Ms. Mack is charged with conspiring to violate 18 U.S.C., § 1119 ("section 1119"). *See* Indictment, Dkt. No. 1, at p. 4.

5. Section 1119 provides, in pertinent part:

(b) **Offense.**--A person who, being a national of the United States, kills or attempts to kill a national of the United States while such national is outside the United States but within the jurisdiction of another country shall be punished as provided under sections 1111, 1112, and 1113.
(c) Limitations on Prosecution.
(1) No prosecution may be instituted against any person under this section except upon the written approval of the Attorney General, the Deputy Attorney General, or an Assistant Attorney General, which function of approving prosecutions may not be delegated. **No prosecution shall be approved if prosecution has been previously undertaken by a foreign country for the same conduct.**
(2) No prosecution shall be approved under this section unless the Attorney General, in consultation with the Secretary of State, determines that the conduct took place in a country in which the person is no longer present, and the country lacks the ability to lawfully secure the person's return. A determination by the Attorney General under this paragraph is not subject to judicial review. *Id.* (emphasis added).

6. On its face, Section 1119 bars the prosecution of a defendant in the United States where the defendant, here, Ms. Mack, has previously been the subject of a prosecution "by a foreign country" - in this case Indonesia - "**for the same conduct**." *Id.* (emphasis added). Thus, this Motion does *not* present a Double Jeopardy argument, but rather a statutory argument.

7. For the bar to a subsequent prosecution in the United States to apply, Section 1119 does *not* require that the *charges* that were brought against Ms. Mack in Indonesia be the same as the *charges* that are now being brought in the United States federal criminal proceeding.

8. In other words, the bar against a subsequent United States federal criminal proceeding applies where the "**same conduct**" is being pursued in U.S. proceeding which was the subject of prior foreign proceeding.

9. That is just the situation presented in this case.

10. Here, Ms. Mack was already subjected to an Indonesian criminal proceeding for the very "same conduct" that the Government now attempts to put at issue in the present case, i.e., the events leading up to, and including, the alleged murder of Ms. Mack's mother, Sheila Von

2

Wiese.

11. Accordingly, on that basis alone, this Court should dismiss Count II.

12. Furthermore, as set forth above, Section 1119 required that the prosecution of Ms. Mack in the present case could only go forward if "the Attorney General, in consultation with the Secretary of State, determines that the conduct took place in a country in which the person is no longer present, and the country lacks the ability to lawfully secure the person's return." *Id.* at (c)(2).

13. That paragraph also makes clear that, if such a "determination" was actually made, the bases for that determination are "not subject to judicial review." *Id.*

14. Here, in the event such a "determination" was actually made, Ms. Mack, through her counsel and by way of this Motion, is *not* seeking judicial review of the basis for that determination.

15. Instead, Ms. Mack, through her counsel, is only challenging, procedurally, whether such a "determination" was ever made in the first instance by the Attorney General after "consultation with the Secretary of State."

16. Because the Government has not made a showing that such a determination was made after consultation between the Attorney General and the Secretary of State, Count II should be dismissed on that additional basis.

17. Finally, Count II should be dismissed because Section 1119 is facially unconstitutional because Congress lacked the authority to enact it.

18. It appears that only one other court has addressed this issue head on. *See United States v. Brimager*, 123 F.Supp.3d 1246 (S.D. Ca. 2015).[1] In *Brimager*, the court rejected the

---

[1] *See also United States v. Wharton*, 320 F.3d 526 (5th Cir. 2003), in which the court addressed, and rejected Constitutional challenges of a different type to Section 1119.

argument being made by Ms. Mack through her counsel in the present case.

19. However, *Brimager* is not binding upon this Court. Furthermore, Section 1119 has nothing to do with, and does not arise out of or relate to, "foreign commerce."

20. Accordingly, Ms. Mack, through counsel, moves for the dismissal of Count II on the basis that Section 1119 represents an unconstitutional expansion of Congress' power to purportedly regulate foreign commerce.

21. The *Brimager* court's assessment that there was a "rational relationship" or "rational nexus" between Section 1119 and "foreign commerce" was error because that court failed to adequately articulate such a relationship or nexus – other than essentially relying upon *Ninth Circuit* precedent in support of that proposition. Moreover, the *Brimager* court did not cite to or rely upon any legislative history with respect to Section 1119 to support its analysis/conclusion.

22. Similarly, the *Brimager* court's conclusion that Congress had "implied foreign powers" to enact Section 1119 was likewise without an adequate basis. The *Brimager* court extrapolated such powers from the United States Constitution. *See Brimager*, at 1249 (*citing* U.S. Const. art. I, § 8, art. III, § 3). Unless and until the Seventh Circuit or the United States Supreme Court first hold that such powers apply to the enactment of Section 1119, this Court should not expand the powers of Congress as articulated in the Constitution – by holding that additional implied powers exist.

**WHEREFORE**, Defendant, by and through his undersigned counsel, respectfully moves this Court for the entry of an Order dismissing Count II of the Indictment, and for such other and further relief as is appropriate.

                        **Respectfully submitted,**

                        **By: /s/ Michael I. Leonard**
                            **Counsel for Ms. Mack**


**LEONARD TRIAL LAWYERS**
Michael I. Leonard
120 North LaSalle, Suite 2000
Chicago, Illinois 60602
(312)380-6559 (phone)
(312)264-9671 (fax)
mleonard@leonardtriallawyers.com


## CERTIFICATE OF SERVICE

      The undersigned states that, on February 12, 2023, he EFILED by way of this Court's ECF filing system, the above Motion, and therefore served it upon all counsel of record.


                        **By: /s/ Michael I. Leonard**
                            **Counsel for Ms. Mack**