IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 17 CR 518 |
| | ) | |
| HEATHER MACK | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On July 26, 2017, a federal grand jury returned a sealed indictment charging defendant Heather Mack with conspiracy to commit murder in violation of 18 U.S.C. § 956(a)(1) and (2)(A) (count 1); conspiracy to commit foreign murder of United States national in violation of 18 U.S.C. § 1117 (count 2); and obstruction of justice in violation of 18 U.S.C. § 1512(c)(1) and (2) (count 3). Mack has filed a motion to dismiss count two of the indictment, which charges her with violating section 1117. Mack contends that the government failed to obtain approval of the Attorney General to prosecute her under 18 U.S.C. § 1119(c), and that—even if it had obtained such approval—section 1119(c) prohibits her prosecution in the United States because she was previously prosecuted in Indonesia for the same conduct. Mack further contends that section 1119 is facially unconstitutional because Congress lacked authority to enact the statute. The Court denies Mack's motion to dismiss for the reasons set forth below.

### Background

On August 2, 2014, Mack traveled to Bali, Indonesia with her mother, Sheila Von Wiese, for a vacation. The government alleges that, on or about that day through

August 12, 2014, Mack entered into a conspiracy with her co-defendant and then-romantic partner, Tommy Schaefer, to kill Von Wiese. Mack and Schaefer are both U.S. citizens, as was Van Wiese. The government alleges that Mack used her mother's credit card to purchase a ticket for Schaefer to travel to Bali to carry out the plan to kill Von Wiese. It further alleges that on August 12, 2014, Schaefer arrived in Bali and met Mack and Von Wiese in their hotel room at the St. Regis Resort. The government alleges that, shortly thereafter, Mack and Schaefer killed Von Wiese, placed her body into a suitcase, and loaded the suitcase into a taxicab.

Indonesian officials arrested and prosecuted Mack and Schaefer for crimes related to Von Wiese's murder. Schaefer was convicted of murdering Von Wiese and sentenced to eighteen years in prison in Indonesia, where he remains today. In 2015, Mack was convicted in a court in Indonesia of being an accessory to Von Wiese's murder and was sentenced to a ten year prison term. In October 2021, Mack was released from custody after the Indonesian government reduced her sentence.

On November 3, 2021, Mack returned to the U.S. and was arrested immediately upon her arrival at O'Hare International Airport. After her arrest, the government unsealed Mack's July 26, 2017 indictment.

## Discussion

### A.     Section 1117

Count two of Mack's indictment charges her as follows:

COUNT TWO

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:
1.     Paragraphs 1 and 3 of Count One are incorporated here.

> 2. Beginning not later than on or about August 2, 2014, and continuing until on or about August 12, 2014, at Chicago, in the Northern District of Illinois, and elsewhere,
> HEATHER L. MACK and
> TOMMY E. SCHAEFER,
> defendants herein and nationals of the United States, conspired with each other to kill and attempt to kill Sheila A. Von Wiese, a national of the United States, while Von Wiese was outside of the United States but in the jurisdiction of the Republic of Indonesia, in violation of Title 18, United States Code, Section 1119.
> 3. The overt acts alleged in Paragraph 4 of Count One are incorporated here.
> *In violation of Title 1-8, United States Code, Section 1117.*

Mack Indictment at 4 (emphasis added).

Mack first contends that count two must be dismissed because "On its face, Section 1119 bars the prosecution of a defendant in the United States where the defendant, here, Ms. Mack, has previously been the subject of a prosecution 'by a foreign country' - in this case Indonesia – **'for the same conduct**.'" Def.'s Mot. to Dismiss ¶ 6 (quoting 18 U.S.C. § 1119(c)).

Section 1119 prohibits the murder or attempted murder of one U.S. national by another U.S. national while in a foreign country. The full subsection that Mack contends requires dismissal of count two states:

> **(c) Limitations on Prosecution.--(1)** No prosecution may be instituted against any person *under this section* except upon the written approval of the Attorney General, the Deputy Attorney General, or an Assistant Attorney General, which function of approving prosecutions may not be delegated. No prosecution shall be approved if prosecution has been previously undertaken by a foreign country for the same conduct.

18 U.S.C. § 1119(c) (emphasis added).

Mack contends that the government failed to demonstrate that it obtained approval of the Attorney General to prosecute her for the foreign murder of Von Wiese, a U.S. citizen. Mack further contends that no such approval *could* be obtained because

3

she had already been prosecuted for the same conduct in Indonesia. The government does not dispute either of those contentions. Instead, it contends that the limitations of section 1119 do not apply because Mack is charged with violating section 1117, not section 1119.

The Court agrees with the government. The just-quoted language of the indictment makes it clear that, in count two, Mack is charged with violating section 1117, not section 1119. Section 1117 prohibits *conspiracy* to commit various forms of murder, full stop:

> If two or more persons conspire to violate section 1111, 1114, 1116, or 1119 of this title, and one or more of such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life.

18 U.S.C. § 1117. Section 1117 contains none of the extraterritoriality language or limitations on prosecution that are found in section 1119. Mack seizes upon the fact that section 1119 is referenced in count two, paragraph two of Mack's indictment. But it is patently obvious that section 1119 is mentioned in that paragraph only to identify which section of Title Eighteen Mack is accused of conspiring to violate, in violation of section 1117. That is not the same as charging Mack with violating section 1119 itself, and it in no way suggests that charges under sections 1117 and 1119 amount to the same thing, or that a charge of conspiracy to violate section 1119 is subject to the limitations on a substantive charge under that section. *Pinkerton v. United States*, 328 U.S. 640, 643 (1946) ("It has been long and consistently recognized by the Court that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses. The power of Congress to separate the two and to affix to each a different penalty is well established.").

4

The Court also notes that the caption on the first page of the indictment lists the three statutes that the indictment charges Mack with violating. It lists only 18 U.S. Code §§ 956(a)(1), 1117, and 1512(c)(1). This confirms what is otherwise readily apparent: Mack is not charged with committing the foreign murder of her mother in violation of section 1119. Thus the limitations on section 1119 prosecutions found in subsection 1119(c) do not apply. *See* 18 U.S.C. § 1119(c) ("No prosecution may be instituted against any person *under this section* except . . .") (emphasis added).

Nor is there a legitimate basis to read into section 1117 the limitations found in section 1119(c). As the government correctly points out, the Supreme Court has held that "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983). This well-established principle is further bolstered by the fact that section 1119 was enacted over twenty years after section 1117. When Congress amended section 1117 that very same year—to include section 1119 in its list of substantive offenses which may form the basis of a section 1117 conspiracy—it did not insert limitation and approval clauses similar to those found in section 1119. This makes sense because, unlike section 1119, section 1117—which does not target offenses carried out entirely abroad—does not implicate the sovereignty of other nations. For these reasons, the Court declines to read into section 1117 the limitations in section 1119(c) requiring prior approval by the Attorney General and prohibiting subsequent prosecutions for conduct already prosecuted by the foreign nation. Mack is not entitled to dismissal of count two on this basis.

**B.       Constitutionality of section 1119**

The second ground for dismissal that Mack asserts is that section 1119 is unconstitutional on its face because Congress exceeded its authority when it enacted the statute. To succeed on such a facial challenge, Mack must establish that "no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). The government contends that enacting section 1119 was well within Congress's authority over both external affairs (such as the murder of U.S. nationals abroad) and its power to regulate commerce.

As Mack herself acknowledges, very few courts have squarely addressed this issue. The two that have both rejected the exact arguments advanced by Mack regarding the constitutionality of section 1119. *See United States v. Brimager*, 123 F. Supp. 3d 1246, 1253–55 (S.D. Cal. 2015) (holding that Congress's authority over foreign affairs and foreign commerce both provide constitutional bases for § 1119); *see also*, United States v. White, 51 F. Supp. 2d 1008, 1011 (E.D. Cal. 1997) ("It is pellucid Congress possesses external sovereignty authority to pass criminal laws proscribing its nationals' outlaw conduct against other nationals abroad. Thus, Defendant's argument regarding Congressional authority to enact § 1119 is unavailing."). Though it is true, as Mack contends, that *Brimager* and *White* decisions are not binding on this Court, the Court finds both decisions persuasive, particularly in light of *United States v. Curtiss–Wright Export Corp.*, 299 U.S. 304 (1936), on which both decisions relied in upholding the constitutionality of section 1119. *See Curtiss–Wright*, 299 U.S. at 315–16 ("The broad statement that the federal government can exercise no powers except those specifically enumerated in the Constitution . . . is categorically true only in respect to our

6

*internal* affairs.") (emphasis added).

The Court also agrees with the court in *Brimager* that Congress also had the authority to enact section 1119 under the Commerce Clause. Article one, section 8 of the United States Constitution grants Congress the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3. Congress's power under the Commerce Clause "is complete in itself, may be exercised to its utmost extent, and acknowledges no limitations, other than are prescribed in the constitution." *United States v. Schaffner*, 258 F.3d 675, 678 (7th Cir. 2001).

Mack contends that section 1119 "has nothing to do with, and does not arise out of or relate to, 'foreign commerce.'" Def.'s Mot. to Dismiss ¶ 19 (quoting *Brimager*). But that contention lacks merit for the reasons articulated in *United Sates v. Vazquez*, 611 F.3d 325 (7th Cir. 2010). *Vazquez* rejected the argument that another criminal statute, the Sex Offender Registration and Notification Act (SORNA), did not implicate commerce and that its enactment therefore exceeded Congress's authority under the Commerce Clause. *Id.* at 330. The Seventh Circuit reasoned that "[i]nterstate travel [undertaken by the defendant] inherently involves use of channels of interstate commerce and is properly subject to congressional regulation under the Commerce Clause." *Id*. Similarly, here, the overt acts that Mack is alleged to have committed in furtherance of the conspiracy to kill her mother all implicated channels of interstate and foreign commerce (e.g., airline travel, cellular communications between the U.S. and between U.S. and Indonesia, and expenses charged to Von Wiese's credit card).

In sum, Mack has not made "a plain showing that Congress [] exceeded its

7

constitutional bounds" when it enacted section 1119. *United States v. Morrison*, 529 U.S. 598, 607 (2000). And, in any event, Mack is not charged under section 1119 to begin with. It is therefore unnecessary for the Court to delve further into the parties' constitutional arguments. Even if the Court were to read Mack's facial challenge to section 1119 as also challenging the constitutionality of section 1117—a point that Mack herself did not make—the outcome would be no different. Section 1117 is constitutionally valid for the same reasons just articulated.

## Conclusion

For the foregoing reasons, the Court denies Mack's motion to dismiss the indictment [dkt. no. 81].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 10, 2023